UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

Steven V. Feldman,                                               Case No.: 20-71566-AST
                                                                 Chapter 7

                Debtor.
-----------------------------------------------------------------x
Victoria F. Jackson,
                Plaintiff,

    -against-                                           Adv. Pro. No. 20-08102-AST

Steven V. Feldman,

                Defendant.
-----------------------------------------------------------------x

**DECISION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

*Issues Before the Court and Summary of Ruling*

      Pending before this Court is Plaintiff, Victoria F. Jackson's ("Jackson") motion for summary judgment seeking declaratory judgment: (1) that the amount of pre-petition claim for attorney's fees against her former spouse, Defendant/Debtor Steven V. Feldman ("Debtor") related to a matrimonial action are fixed, liquidated and not subject to dispute or setoff; and (2) confirming that Jackson's claim for attorney's fees against Debtor are domestic support obligations as defined in section 101(14A) of Title 11 of the United States Code (the "Bankruptcy Code") and therefore non-dischargeable under 11 U.S.C. §§ 523(a)(5) and (a)(15). For the reasons stated herein, this Court will grant in part and deny in part Jackson's motion for summary judgment.

*Jurisdiction*

      This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 1334(b), and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by the Order dated December 5, 2012.

*Factual History[1]*

Jackson is a former spouse of Debtor. Their marriage was dissolved on April 8, 2014, by a Final Judgment and Decree ("Divorce Judgment") of the Superior Court of Cherokee County, State of Georgia ("State Court"), in the case of *Victoria Feldman v. Steven Feldman*, Civil Action File No.: 14-CV-0314-JH (the "Matrimonial Action").

After the Divorce Judgment was entered, Jackson filed a petition in the State Court, in the case of *Victoria Feldman v. Steven Feldman*, Civil Action File No.: 18 CVE 1305, seeking to hold Debtor in contempt and for other relief related to Debtor's failure to comply with his obligations under the Divorce Judgment, subsequent agreements, and orders of the State Court. On September 26, 2018, the State Court issued a "Final Order" on Jackson's petition, finding Debtor "in willful contempt of the Court's prior orders, due to his failure to pay child support and failure to provide proof of life insurance to [Jackson]," as required under the Divorce Judgment. The State Court awarded the plaintiff attorney's fees and costs related to her petition in the amount of $4,500.00 ("First Attorney's Fees Order").

On October 18, 2018, Debtor filed a petition against Jackson in the State Court, styled as *Steve Feldman v. Victoria Feldman*, Civil Action File No.: 18-CVE-1896 ("Post-Judgment Action"), for a downward modification of his child support obligations. On May 3, 2019, Debtor filed a voluntary dismissal of his petition after Jackson had filed her objection. Jackson also filed a motion for attorney's fees against Debtor in connection with the Post-Judgment Action. In its Order on Respondent's Motion for Attorney's Fee dated July 26, 2019, the State Court awarded Jackson her attorney's fees in connection with the Post-Judgment Action in the amount of $9,102.47 (the "Second Attorney's Fees Order" and with the First Attorney's Fees Order, the "Attorney's Fees Orders"). The State Court also added a pleading sanction against Debtor requiring him, as a condition of bringing any subsequent action as it relates to his obligations under the Divorce Judgment, to pay these legal fees to Jackson.

In total, Debtor owes Jackson $13,602.47 in attorney's fees (the "Attorney's Fees") under the Attorney's Fees Orders. Debtor scheduled the debt owed to Jackson for the Attorney's Fees, initially as a disputed, general unsecured debt, then later amended his description of the claim to a priority unsecured debt, but still disputed.

---

[1] The factual background and procedural history are taken from the pleadings, exhibits and other papers submitted by the parties and the public dockets in this case. Local Bankruptcy Rule 7056-1 requires that a party seeking summary judgment file a statement of facts the party alleges to be without a genuine dispute, and that each fact be supported by a citation to admissible evidence in the summary judgment record as required by Rule 56(c) of the Federal Rules. *See* FED. R. CIV. P. 7056(e); E.D.N.Y. LBR 7056-1. Similarly, facts alleged by a party opposing summary judgment must be set out in a LBR 7056-1 statement supported by admissible testimonial or documentary evidence, and with citation to conflicting testimonial or documentary evidence as required by Rule 56(c); a party may not simply deny alleged material facts by a conclusory statement, or without citation to admissible evidence. This Court has not considered any fact alleged by either party which is not properly sourced or supported. This Court has also accepted as true properly supported facts alleged by either party which have not been properly refuted or challenged by Plaintiff or Defendant. *See* FED. R. CIV. P. 7056(e); E.D.N.Y. LBR 7056-1; *Meredith Corp. v. Sesac, LLC*, 1 F. Supp. 3d 180, 186 n.3 (S.D.N.Y. 2014).

On May 26, 2020, Debtor's attorney sent an email to Jackson's attorney enclosing a copy of a signed a Stipulation Declaring That All Pre-Petition Debt Owed to Creditor, Victoria Jackson, Are Non-Dischargeable Under 523(a)(5) and 523(a)(15) of the Bankruptcy Code (the "Stipulation"). In his email, Debtor's attorney stated that his client signed the Stipulation "with the understanding that the underlying debt is not dischargeable by the bankruptcy court but the Stipulation does not prevent [Debtor] from utilizing any rights he may have in the Georgia court to challenge the underlying orders" (the "Additional Comments").

Jackson's attorney responded on May 27, 2020, stating that he construed the Additional Comments as Debtor's "opinion as to the effect the bankruptcy stip will have on his rights, if any, to whatever additional or further relief he may have in the Georgia state court against [Jackson]. Accordingly, [Jackson does] not see [the Additional Comments] as being part of the stip or otherwise binding . . . "

On June 2, 2020, Debtor's attorney sent an email to Jackson's attorney asking him to hold off on filing the Stipulation until he could speak to his client.

The Stipulation was never directly filed on the docket of the main case nor the adversary proceeding and was never presented to this Court for signature. The Stipulation is, however, part of the summary judgment record.

The Stipulation, in pertinent part, provides:

> All pre-petition debt, and any other financial obligation, owed, to the [Jackson] by the Debtor, including, but not limited to the Attorneys Fees in the amount of $13,613.47, are domestic support obligations… and, hence, nondischargeable in the Debtor's bankruptcy case . . .

Under the Stipulation, if Debtor objects or challenges the substantive terms of the Stipulation "in any court," he will be liable for Jackson's legal fees in connection with responding to any objection or challenge.

### *Procedural History Before This Court*

On March 10, 2020, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (case no. 20-71566-AST).

On July 10, 2020, Jackson commenced the present adversary proceeding (Adv. Pro. No. 20-08102-AST) by filing a complaint against Debtor seeking declaratory judgment: (1) that the amount of the pre-petition claim for attorney's fees against Debtor are fixed, liquidated and not subject to dispute or setoff; and (2) confirming that Jackson's claim for attorney's fees against Debtor are domestic support obligations as defined in section 101(14A) of the Bankruptcy Code and are therefore non-dischargeable under 11 U.S.C. 523(a)(5) and (a)(15), pursuant to the Stipulation; or in the alternative, Jackson seeks a determination from this Court that her claims are non-dischargeable under 11 U.S.C. 523(a)(5) or (a)(15) as a matter of law (the "Complaint"). [Adv. Pro. Dkt. 1]

On July 17, 2020, Debtor received a Chapter 7 discharge (the "Chapter 7 Discharge"). [Dkt. 21]

On August 13, 2020, Debtor filed an answer (the "Answer") to the Complaint. [Adv. Pro. Dkt. 5] Notably, Debtor stated in the Answer that "he has already admitted that the debt is non-dischargeable [sic] by the bankruptcy court . . ."

On February 1, 2021, Jackson filed a motion for summary judgment (the "Summary Judgment Motion") and a memorandum of law in support of the Summary Judgment Motion, seeking a ruling in her favor on all claims included in the Complaint. [Adv. Pro. Dkts. 10-11]

On March 4, 2021, Debtor filed a memorandum of law in opposition to the Summary Judgment Motion arguing that: (1) Debtor and Debtor's counsel never consented to the Stipulation and that it is therefore invalid; and (2) Debtor should be able to challenge the amount of the Attorney's Fees in Georgia State Court as the automatic stay terminated upon entry of the Chapter 7 Discharge. [Adv. Pro. Dkt. 18]

## *Discussion*

### *A. The Standard for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7056(c), provides that summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.4 (1986) (quoting FED. R. CIV. P. 56(c)) (internal quotation marks omitted). A movant has the initial burden of establishing the absence of any genuine issue of material fact. *See id.* at 322–23. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

The Second Circuit has repeatedly noted that, "[a]s a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir. 1988) (citing *Celotex Corp.*, 477 U.S. at 330 n.2 (1986) (Brennan, J., dissenting)); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir. 1995). "If, when viewing the evidence produced in the light most favorable to the non-movant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate." *Pereira v. Cogan*, 267 B.R. 500, 506 (S.D.N.Y. 2001).

### B. *The Attorney's Fees Are Nondischargeable*

Jackson seeks a determination from this Court that her claims are nondischargeable under 11 U.S.C. § 523(a)(5) or (a)(15) pursuant to the Stipulation or, in the alternative, as a matter of law. Section 523 of the Bankruptcy Code prescribes certain kinds of debt that may not be discharged by an individual debtor in bankruptcy. *See* 11 U.S.C. § 523. Section 523(a)(5) states that any debt "for a domestic support obligation" is not discharged upon the issuance of Chapter 7 discharge. *Id.* § 523(a)(5). A domestic support obligation is defined in section 101(14A) of the Bankruptcy Code as a debt that accrues before, on, or after the petition date that is:

1. "owed to or recoverable by (i) a spouse, former spouse, or child of the debtor . . .";
2. "in the nature of alimony, maintenance, or support";
3. "established . . . by reason of applicable provisions of a (i) separation agreement, divorce decree or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law"; and
4. "not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily . . ."

*Id.* § 101(14A). Section 523(a)(15) provides that any debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . ." is not discharged upon the issuance of Chapter 7 discharge. *Id.* § 523(a)(15).

Jackson first argues that the Attorney's Fees are nondischargeable because the parties agreed in paragraph 1 of the Stipulation that the Attorney's Fees were nondischargeable pursuant to 11 U.S.C. § 523(a)(5) or (a)(15). Paragraph 1 of the Stipulation states that, "the Attorneys Fees in the amount of $13,613.47, are domestic support obligations… and, hence, nondischargeable in the Debtor's bankruptcy case . . ."

Debtor argues that the Stipulation is not a binding contract between the parties because Debtor rescinded the Stipulation in the emails exchanged by Debtor's counsel and Jackson's counsel between May 26, 2020 and June 2, 2020.

The Court does not treat the Stipulation as a binding agreement. The Stipulation plainly and unambiguously states in paragraph 2 that, "[t]he terms of th[e] Stipulation shall be effective upon it being 'So Ordered' by the Bankruptcy Court . . ." It is undisputed that the Stipulation was never submitted by the parties to be so ordered by the Court. Accordingly, the Stipulation is ineffective and not binding on the parties.

In the alternative, Debtor also argues that the Attorney's Fees are nondischargeable under 11 U.S.C. § 523(a)(5) or (a)(15) as a matter of law. It is well established in the Second Circuit that debts owed to a former spouse for attorney's fees arising out of a divorce proceeding are nondischargeable under sections 523(a)(5) or (a)(15) of the Bankruptcy Code. *See In re Tarone*, 434 B.R. 41, 49 (Bankr. E.D.N.Y. 2010) ("It is undisputed that the . . . attorney's fees awarded by the State Court are debts that were incurred by the Debtor in the course of divorce proceedings. As

such, it is irrelevant whether those awards constitute true support obligations, because even if not encompassed within § 523(a)(5), they are nondischargeable pursuant to § 523(a)(15)"); *see also In re Spong*, 661 F.2d 6, 9-11 (2d Cir. 1981); *In re Rogowski*, 462 B.R. 435, 445 (Bankr. E.D.N.Y. 2011); *In re Golio*, 393 B.R. 56, 60-63 (Bankr. E.D.N.Y. 2008).

This Court does not need to determine under which section – 523(a)(5) or (a)(15) – the Attorney's Fees are nondischargeable, as Debtor conceded in his Answer that "he has already admitted that the debt is non-dischargeable [sic] by the bankruptcy court . . ." As such, there is no genuine dispute of material fact that the Attorney's Fees are nondischargeable. Accordingly, the portion of Jackson's Summary Judgment Motion seeking a ruling that the Attorney's Fees are nondischargeable pursuant to 11 U.S.C. § 523(a)(5) or (a)(15) is granted.

### C. Jackson's Claim for the Attorney's Fees is Fixed and Liquidated

#### i. Jackson's Claim for the Attorney's Fees is Fixed and Liquidated

Jackson contends the Attorney's Fees are fixed and liquidated in the amount of $13,613.47. She argues, in particular, that Debtor is bound by paragraph 1 of the Stipulation which identifies the amount of the Attorney's Fees owed as $13,613.47. However, as previously discussed, the Stipulation is ineffective and non-binding on the parties. Despite this, the Debtor has not offered any substantive opposition as to whether Jackson's claim is liquidated or unliquidated other than that he disputes the amount of the Attorney's Fees. Debtor does not state an alternative amount for the Attorney's Fees but merely disputes the amount of $13,613.47 in principle and seeks the right to challenge that amount in State Court.

Under section 101(5) of the Bankruptcy Code, a claim is, "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5). A claim is liquidated, where it is readily determinable by reference to an agreement or simple computation, or is made certain by operation of law. *See In re Mazzeo*, 131 F.3d 295, 304 (2d Cir. 1997). The overwhelming body of case law has found that the mere existence of dispute does not render a claim unliquidated. *See id.; see also United States v. Verdunn*, 89 F.3d 799, 802 (11th Cir. 1996).

Here, the First Attorney's Fees Order set the amount of attorney's fees owed by Debtor at $4,500. The Second Attorney's Fees Order set the additional amount of attorney's owed by Debtor at $9,102.47. In total, Debtor owes Jackson $13,602.47 in attorney's fees in accordance with the Attorney's Fees Orders. Thus, based upon the clear and unambiguous Attorney's Fees Orders, this Court concludes that the Attorney's Fees are liquidated in the amount of $13,602.47. *See In re Mazzeo*, 131 F.3d at 304. As previously mentioned, the mere fact that Debtor disputes the amount does not impact this Court's ruling, as the existence of an actual dispute does not render a claim unliquidated. *See id.* (citing *Verdunn*, 89 F.3d at 802). Accordingly, the portion of Jackson's Summary Judgment Motion which seeks a determination that the Attorney's Fees are fixed and liquidated in the amount of $13,613.47 is granted in part and denied in part as there is no genuine dispute of material fact that the Attorney's Fees are fixed and liquidated in the amount of $13,602.47.

### ii. Jackson's Claim for the Attorney's Fees is Not Disputed or Subject to Set Off

Jackson further contends that her claim for the Attorney's Fees is not disputed or subject to set off. Debtor disputes the amount of $13,613.47 for the Attorney's Fees in principle "because certain of the underlying [State] Court dockets are still open, [and therefore] he should have the right to challenge the amount of the attorney fees ordered."

A claim can be disputed if the debtor disagrees that the debt is owed. *See In re Tronox Inc.*, 626 B.R. 688, 701 (Bankr. S.D.N.Y. 2021). If a claimant loses the dispute, then their claim is unenforceable. *Midland Funding, LLC v. Johnson*, 581 U.S. 224, 229 (2017). A "party objecting to a properly filed claim has the burden of coming forward with evidence that is sufficient to overcome the claim's prima facie validity." *In re S. Side House, LLC*, 451 B.R. 248, 261 (Bankr. E.D.N.Y. 2011) (citing *Sherman v. Novak (In re Reilly),* 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000)). However, "[i]f the objector produces sufficient evidence to negate . . . [the] claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Allegheny, Int'l*, 954 F.2d 167, 174 (3d Cir. 1992). As such, the ultimate "burden of proof with respect to a disputed claim lies with the claimant." *S. Side House, LLC*, 451 B.R. at 261.

Set off is the right between two parties "that owe each other money to apply their mutual debts against each other." *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995).

Here, the Attorney's Fees Orders constitute prima facie validity of the amount of Jackson's claim for $13,602.47. Debtor essentially disputes this amount because of his hypothetical ability to appeal the Attorney's Fees Orders. It is unclear from Debtor's pleadings whether or not he actually has this right and to which of the Attorney's Fees Orders such right may extend, as he merely states that "he has been informed by attorneys in Georgia that because certain of the underlying [State] Court dockets are still open, he should have the right to challenge the amount of the attorney fees ordered." This Court has not been provided with any evidence as to the potential success of the appeal, what grounds such appeal may be made, or even which of the Attorney's Fees Orders Debtor wishes to appeal. Such speculative and opaque relief is not sufficient to challenge the validity of two legally binding state court orders. Accordingly, there is no genuine dispute of material fact that Jackson's claim arising from the Attorney's Fees in the amount of $13,602.47 is not in dispute.

Moreover, there is nothing in the pleadings which shows that Jackson owes any money to Debtor. Therefore, there is no genuine dispute of material fact that Jackson's claim arising from the Attorney's Fees is not subject to set off.

Thus, for the foregoing reasons, the portion of Jackson's Motion for Summary Judgment seeking a finding that the Attorney's Fees are not subject to dispute or setoff is granted.

### *D. Impact of This Ruling*

For clarity, this Court is not making any ruling as to the State Court appellate rights of any party. This Court is merely concluding that Jackson's claim in the bankruptcy case for the Attorney's Fees is nondischargeable, fixed and liquidated in the amount of $13,602.47, and not subject to dispute or set off.

## *Conclusion*

Accordingly, for the reasons set forth herein, it is hereby

**ORDERED**, that Jackson's claim for the Attorney's Fees against Debtor is nondischargeable; and

**ORDERED**, that Jackson's claim for the Attorney's Fees against Debtor is fixed and liquidated in the amount of $13,602.47 and not subject to dispute or setoff.



Dated: May 9, 2024
      Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge